UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SUBSALVE USA CORPORATION,<br><br>Plaintiff,<br><br>- against -<br><br>WATSON MANUFACTURING, INC.,<br>-and-<br>LYNDEN C. COX,<br><br>Defendants. | C.A. No. 04-536 S |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION**

Pursuant to Fed. R. Civ. P. Rule 72(b), Plaintiff Subsalve USA Corporation ("Subsalve") respectfully submits this Memorandum of Law in opposition to the Defendants' objection to the Report and Recommendation of Magistrate Judge Lovegreen, in which the Magistrate Judge recommended that this matter be transferred to the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1631 ("Section 1631").[1]

Defendants' objection contains only one premise: that Section 1631 does not permit the transfer of actions where the "lack of jurisdiction" is the result of a finding of no personal jurisdiction, as opposed to subject matter jurisdiction. This conclusion is incorrect, and inconsistent with plain language of Section 1631 and the opinions of the First Circuit Court of Appeals on point. Section 1631 reads, in full (emphasis supplied):

[1] Subsalve has also challenged the Report and Recommendation on the grounds that the Magistrate Judge erred in finding a lack of personal jurisdiction over the defendants in this action. Should this Court find that personal jurisdiction exists over the defendants, it need not consider the issue of transfer.

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and **that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed**, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

The language of Section 1631 is unambiguous: whenever a district court finds that "there is a want of jurisdiction," it should transfer the matter to another, appropriate, court if "it is in the interest of justice." There is no limitation to circumstances where the court lacks subject matter jurisdiction. Certainly, the grant of a motion to dismiss the defendant for lack of personal jurisdiction has precisely the same impact on a piece of litigation that a finding of no subject matter jurisdiction would have: the action is dismissed. *See*, *e.g.*, Fed. R. Civ. P. Rule 12(b)(1), (2). Just as certainly, it is accurate to describe each situation as involving a "want of jurisdiction." The language of the statute being clear, it should be applied as written. *Bryson v. Shumway*, 308 F.3d 79, 84 (1st Cir. 2002) ("If the meaning of a statute is clear, we enforce that meaning."); *see also id.* at 85 ("If a statute is unambiguous, we use neither legislative history nor administrative agency interpretation.") (citations and footnote omitted).

To support their argument, Defendants rely upon a single decision of the Massachusetts District Court and the First Circuit's recent decision in *Cimon v. Gaffney*, 401 F.3d 1, 17 n. 22 (2005).[2] Obviously, the Massachusetts decision is non-precedential. The *Cimon* case, however, is much more informative than the Defendants' cursory description would suggest. In *Cimon*, the court reversed the lower court's refusal to transfer an action under Section 1631. *Id.* at 17.

[2] Defendants' citation to note 21 of the *Cimon* decision appears mistaken; the issue discussed appears in note 22. *See* Defendants' Memorandum at 2.

In doing so, the court declined to definitively decide this issue because the appellant had failed to preserve the issue for review, but the court did state that it was "inclined to read § 1631 as allowing for transfers where a federal court lacks any type of jurisdiction (including personal jurisdiction)." *Id.* at 17 n. 22. Indeed, had the First Circuit concluded otherwise – that Section 1631 applied only where there was a lack of subject matter jurisdiction – it could have upheld the District Court's decision denying the motion to transfer on that independent ground, because (1) there was no finding of a want of subject matter jurisdiction, and (2) the interpretation of Section 1631 would have been a question of law that the Court of Appeals would have been free to apply. *See, e.g., Charles Garnier, Paris v. Andin Int'l. Inc.*, 36 F.3d 1214, 1223-24 (1st Cir. 1994) (Court of Appeals may uphold judgment where independent basis exists, as a matter of law, to support that judgment despite the fact that judgment entered in error by lower court). Having returned the matter to the trial court for a decision whether to transfer the matter pursuant to Section 1631, the First Circuit has implicitly upheld the legitimacy of such actions when the "want of jurisdiction" results from a personal jurisdiction challenge.

Permitting transfer based on Section 1631 is also consistent with this Court's earlier decisions. In *Geary v. Goldstein*, for example, Judge Pettine transferred a matter to the Southern District of New York after concluding that the Rhode Island District Court lacked either general or specific jurisdiction over the defendant. 782 F. Supp. 725, 730 (D.R.I. 1992).

Finally, Defendants have mischaracterized commentators' analysis of Section 1631, and omitted those commentators' observation that, notwithstanding whether Section 1631 permits transfer where personal jurisdiction is lacking, district courts likely retain the power to transfer actions like this one either under 28 U.S.C. § 1404 or § 1406. Although, as Defendants note, Wright, Miller & Cooper's *Federal Practice and Procedure* originally observed that "§1631 is

concerned only with subject matter jurisdiction," Defendants fail to consider the text of the 2005 supplement, nearly 20 years more recent than the original text.

In the 2005 supplement, Wright, Miller & Cooper observe that federal courts have generally recognized that transfer after a finding of no personal jurisdiction is appropriate, whether under Section 1631 or another transfer provision, and that (other than potential issues relating to the appealabity of the transfer order) "which transfer order is used simply does not matter." Wright, Miller & Cooper, *Federal Practice & Procedure* §3842, at 226-28 (2005 Supp.). The treatise, in fact, quotes the Central District of New York's observation that:

> Plaintiffs rely on three statutory provisions that authorize district courts to transfer actions under certain limited circumstances: 28 U.S.C. §§ 1404(a), 1406(a), and 1631. However, only one inquiry is necessary: whether the "interests of justice" require transfer or dismissal.

*Id.* at 227 (quoting *In re Ski Train Fire in Kaprun, Austria*, 257 F. Supp. 2d 717 (D.C.N.Y. 2003)).

Accordingly, should this Court conclude that it may not exercise personal jurisdiction over the Defendants, the Court may transfer the matter to the Northern District of Florida should it conclude that such transfer serves the interests of justice.

Respectfully submitted,

R. Bart Totten (#5095)
Jeffrey K. Techentin (#6651)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
tel. (401) 274-7200
fax (401) 751-9694

Dated: June 7, 2005

Attorneys for Plaintiff Subsalve USA Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true copy of the within Memorandum of Law in Opposition to Defendants' Objection to Report and Recommendation to be served by first class mail, postage prepaid, to the following on this 7th day of June, 2005:

Thomas R. Noel
John P. Gyorgy
NOEL & GYORGY LLP
50 South Main Street
Providence, Rhode Island 02903

Kathleen G. Gyorgy

*334037_1.doc*