UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SUBSALVE USA CORPORATION,
Plaintiff,

v. C.A. No. 04-536S

WATSON MANUFACTURING, INC., and LYNDEN C. COX,
Defendants.

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court are Objections from Plaintiff, Subsalve USA Corporation ("Subsalve"), and Defendants, Watson Manufacturing, Inc. and Lynden C. Cox ("Watson" and "Cox," or collectively "Defendants"), to Magistrate Judge Lovegreen's Report & Recommendation ("R&R") dated May 5, 2005. The R&R recommends dismissal of the Complaint for lack of personal jurisdiction and transfer of this matter, pursuant to 28 U.S.C. § 1631, to the Northern District of Florida.[1] On July 25, 2005, the Court heard oral argument on the objections.

After considering the R&R and the parties' arguments, the Court adopts the Magistrate Judge's ultimate conclusions: the Court lacks personal jurisdiction over both Watson and Cox, and

[1] Subsalve's complaint alleges trademark infringement, unfair competition, false designation of origin, false description, cybersquatting, and copyright infringement.

this matter should be transferred to the Northern District of Florida. However, given the obligation to review dispositive pretrial motions *de novo*, see Gioiosa v. United States, 684 F.2d 176, 178 (1st Cir. 1982), the Court writes to clarify portions of the three-pronged personal jurisdiction rubric.

The Magistrate Judge's statement of the procedural history, the facts, and the nature of the complaint are comprehensive and need not be repeated here. Additionally, the issue of jurisdictional discovery, discussed by the Magistrate Judge in footnote five, was not objected to. Thus, any objections thereto are deemed waived. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

Personal Jurisdiction Analysis

The Magistrate Judge provided the proper framework for the inquiry into personal jurisdiction. The R&R sets forth Rhode Island's long arm statute and the contours of specific jurisdiction. R&R at 5-6. To establish specific jurisdiction, a plaintiff bears the burden of proving three distinct elements:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

Id. at 5 (quoting Brian Jackson & Co. v. Eximias Pharm. Corp., 248 F. Supp.2d 31, 35 (D.R.I. 2003)(citing Sawtelle v. Farrell, 70 F.3d 1381, 1389 (1st Cir. 1995)). The Court will delve into the requisite inquiries for each of the three prongs: relatedness, purposeful availment, and reasonableness.

1. Relatedness

Magistrate Judge Lovegreen concluded that Subsalve's claims were not sufficiently related to Defendants' Rhode Island contacts. For Subsalve to meet its burden under the relatedness prong, "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities." N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 25 (1st Cir. 2005) (quoting United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1992)). But "a defendant need not be physically present in the forum state to cause injury (and thus 'activity' for jurisdictional purposes) in the forum state." N. Laminate Sales, 403 F.3d at 25.

As Subsalve points out, Judge Lovegreen's Report and Recommendation in Swarovski Optik N. Am. Ltd. v. Euro Optics, Inc., C.A. No. 03-090ML, 2003 WL 22014581, at *5 (D.R.I. Aug. 25, 2003) involved a similar situation. In Swarovski, Judge Lovegreen noted both that relatedness is a "flexible, relaxed standard," which focuses on the nexus between the plaintiff's claims and the alleged tortious activities, and that "[d]istrict courts in this circuit

have held that trademark infringement via a continuously available Internet web site satisfies the relatedness requirement." Id. (citations omitted).

Here, Subsalve's claims emanate from Defendants' use of internet domain names. Subsalve alleges injury in Rhode Island, its home state, stemming from customer misdirection and customer confusion because of these domain names. R&R at 8. The domain names were continuously available to Rhode Island residents until they were "parked"[2] by Defendants. Id. at 4. Therefore, in the view of this Court, Subsalve has satisfied the threshold inquiry of relatedness.

2. Purposeful Availment[3]

The Magistrate Judge concluded that Defendants purposefully availed themselves of the privilege of conducting activities in Rhode Island. This Court disagrees with this conclusion. Under the purposeful availment prong, courts focus not on the nexus between the cause of action and the defendant's contacts, but rather "on the deliberateness of the defendant's contacts." Brian Jackson, 248 F. Supp. 2d at 35-36 ("The cornerstones upon which the

---

[2] "Parked," in the parlance of the internet age, means "that users are redirected to the registrar of domain names, Network Solutions." Id.

[3] Although the Magistrate Judge found that Subsalve failed to meet the relatedness prong, which normally ends the personal jurisdiction inquiry, he went on to analyze the two additional prongs in the event that this Court disagreed with his finding on the first prong.

concept of purposeful availment rest are voluntariness and foreseeability.").

Here, "Subsalve has not advanced any evidence that Watson and Cox have any tangible connection in Rhode Island except through the alleged actions of cybersquatting and copyright infringement via the websites." R&R at 7. Therefore, the Court must focus on the domain names. It is well settled, however, that "[t]he mere existence of a website does not show that a defendant is directing its business activities towards every forum where the website is visible." McBee v. Delica Co., Ltd., 417 F.3d 107, 124 (1st Cir. 2005). Furthermore, "given the omnipresence of Internet websites today, allowing personal jurisdiction to be premised on such a contact alone would 'eviscerate' the limits on a state's jurisdiction over out-of-state or foreign defendants." Id.; see also Swarovski, 2003 WL 22014581, at * 8 (holding that interactive website did not satisfy purposeful availment prong where defendant (1) did not specifically target Rhode Islanders or assert that it had unique connection with Rhode Island, (2) made no sales to Rhode Island residents, and (3) had no other contacts with Rhode Island).

Turning to other possible support for a finding of purposeful availment, the Court finds scant evidence of either Defendants' business activity in Rhode Island or Defendants' efforts to direct business activity toward Rhode Island. Defendants made only one small sale to a Rhode Islander, and the sale was not transacted via

the website. R&R at 4. Moreover, the item sold was a wet suit, which is an item not sold by Subsalve. Id. Thus, neither Watson nor Cox derived any meaningful business revenue from Rhode Island. Cf. Hasbro, Inc. v. Clue Computing, Inc., 994 F. Supp. 34 (D. Mass. 1997) (finding purposeful availment where out-of-state defendant performed work for in-state company which comprised 33-50% of defendant's annual income, and defendant advertised its work for in-state company on website in effort to attract more customers). Further, neither Cox nor Watson had significant communications, electronic or otherwise, with Rhode Islanders. Cf. Brian Jackson, 248 F. Supp. 2d at 36 (holding that out-of-state defendant's email, fax, and telephone communications with in-state plaintiff satisfied purposeful availment factor). To the contrary, Watson went so far as to block calls to its toll-free line from Rhode Island's "401" area code. R&R at 4-5. Finally, no evidence demonstrates that either Cox or Watson "directed activities specifically toward Rhode Island." Id. at 4.

However, Subsalve alleges that two pictures on Watson's website originated either from Subsalve's Rhode Island office or from a Rhode Island server. The Magistrate Judge properly disposed of this assertion by concluding that (1) previous litigation addressed the procurement of the photographs,[4] and (2) this

---

[4] The Florida "litigation resulted in a finding that Cox had wrongfully displayed two of Subsalve's photographs on his website (presumably his business website) and he was ordered to remove

litigation involves the use of the photographs, which does not involve Rhode Island. Id. at 10.

Defendants' use of internet domain names falls far short of the required showing under the purposeful availment prong. See N. Light Tech., Inc. v. N. Lights Club, 97 F. Supp. 2d 96, 106 (D. Mass. 2000) ("The mere existence of a web site is not sufficient to show purposeful availment."). Accordingly, Subsalve fails to meet its burden of demonstrating that Defendants purposefully availed themselves of the privilege of conducting activities in Rhode Island.

3. Reasonableness

The Court need not address this prong because the absence of purposeful availment means the Court lacks personal jurisdiction over both Watson and Cox.

Transfer

Magistrate Lovegreen recommends transfer of this matter to the Northern District of Florida. Defendants' arguments to the contrary are unpersuasive. The decision to transfer rests within the Court's discretion. See Cimon v. Gaffney, 401 F.3d 1, 7 n.21 (1st Cir. 2005); Geary v. Goldstein, 782 F. Supp. 725, 730 (D.R.I. 1992). This Court agrees with the analysis of Magistrate Lovegreen as well as his recommendation to transfer this matter.

---

them." R&R at 3.

Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED. This matter shall be transferred to the Northern District of Florida.

IT IS SO ORDERED.

William E. Smith
United States District Judge

Date: 9/29/05